Allen PFLUGRADT and Ethel Pflugradt, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Joan Roggenbauer MOELLER, Plaintiff,

v.

UNITED STATES of America, Defendant.

James W. PFLUGRADT and Lillian Pflugradt, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Jane WOLF, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 61–C–63 to 61–C–66.

United States District Court E. D. Wisconsin.

Jan. 19, 1962.

Thomas F. Carroll, Milwaukee, Wis., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Jerome Fink, Bruno Lederer, and Arthur L. Biggins, Attys. Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

These cases, consolidated for purposes of trial, arise out of deficiency assessments paid by the plaintiffs on their federal income taxes for the calendar years 1956, 1957, and 1958, and for which plaintiffs now seek refunds. This court has jurisdiction under Title 28 U.S.C.A. § 1346.

The following facts appear from the stipulations and evidence:

Plaintiffs are all members of a limited partnership formed pursuant to Chapter 124 of the Wisconsin Statutes and known as "Pflugradt Construction Company, Ltd." The purpose of the partnership, at all times involved herein, was to engage in the business of contracting and installing heating, ventilating, air-conditioning, and plumbing equipment. Capital investment was a material income-producing factor.

At the time of its formation in 1945, the partnership consisted of Allen G. Pflugradt, who was the only general partner, and three limited partners. On six separate occasions prior to May 1956, the partnership certificate was amended to provide for the admittance of new limited partners and the withdrawal of other partners. The certificate of partnership and amendments thereto were duly executed and filed with the proper authorities.

As of June 30, 1955, the partnership consisted of Allen G. Pflugradt, the general partner; Ethel Pflugradt, his wife; James W. Pflugradt, the son of Allen G. and Ethel Pflugradt; Jane Wolf, the mother of Ethel Pflugradt; and Allen Pflugradt as "trustee" for Joan Roggenbauer Moeller, the daughter of Allen G. and Ethel Pflugradt. There were also six other non-family members at that time.

On July 1, 1955, the partnership certificate was amended to admit as limited partners the following minors: Victoria

Lee Pflugradt and Rick A. Pflugradt, the daughter and son of James Pflugradt; and Terry Ann Roggenbauer and Scott A. Roggenbauer, the daughter and son of Joan Roggenbauer Moeller. The ages of these four children at the time of their alleged acquisition of partnership interests ranged from one to three and one-half years. Each child allegedly acquired an 8 per cent interest, derived partly by gift from the interest held by their respective parents and partly from the interests held by their grandfather, Allen G. Pflugradt, and their great-grandmother, Jane Wolf. Under the agreement notes were given in "payment" of each child's interest, and these notes were paid partially by gifts from the parents and grandparents and partially from subsequent partnership earnings. Pursuant to the partnership certificate, each child was credited with a distributive share of the partnership earnings in proportion to his or her capital accounts for each year involved. Cash withdrawals were made from time to time on behalf of the children by their parents, to be used for payment of school tuition, vacation travel, dancing lessons, state and federal taxes, and payment on their notes. The excess of cash withdrawals over these payments was placed in savings accounts in the children's names.

On March 27, 1957, James Pflugradt succeeded Allen G. Pflugradt as the general partner. The partnership certificate at all times provided that the general partner had sole control of the business, sole authority to determine the time and amount of profit distributions, and sole discretion to approve the admittance or removal of the limited partners. Removal, however, was subject to the return of the limited partner's capital contribution and undistributed share of profits. Ledger accounts were kept to accurately reflect all the above partnership transactions, and both individual and partnership returns were filed for the years involved.

The sole issue to be determined here is one of fact; i. e., was there a bona fide absolute transfer of a partnership interest to each of the four minor children, as plaintiffs contend, so that the distributive share of profits acquired by each child should be taxed to the child. It is the defendant's contention that the Commissioner properly determined that there was no such bona fide transfer since the children did not have dominion and control over their alleged interests. Accordingly, he reallocated the income reported by the children to the plaintiffs herein, from whom the children received their alleged interest, and assessed deficiencies.

A determination of this issue must begin with a consideration of the often-cited case of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 742, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659 (1949), in which the Supreme Court stated that the test for determining the validity of family partnerships for tax purposes was one of fact and depended on "whether, considering all the facts * * * the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." While pointing out that a donee of an intra-family partnership interest would be recognized for tax purposes, the court cautioned, at page 746, 69 S.Ct. 1210, 1216, that the "existence of the family relationship * * * is simply a warning that things may not be what they seem. It is frequently stated that transactions between members of a family will be carefully scrutinized. But more particularly, the family relationship often makes it possible for one to shift tax incidence by surface changes of ownership without disturbing in the least his dominion and control over the subject of the gift or the purposes for which the income from the property is used."

To further clarify its intent that one can under certain conditions be recognized as a true partner though the interest is created by gift capital, Congress by the Revenue Act of 1951 enacted the following addition to Section 3797(a) (2) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3797(a) (2):

"A person shall be recognized as a partner for income tax purposes

if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person."

This section has been incorporated into the Internal Revenue Code of 1954, Title 26 U.S.C.A. § 704(e) (1). The report of the House Committee on Ways and Means (H.R.Rep. No. 586, 82d Cong., 1st Sess. 32–34 (1951) (1951–52 Cum.Bull. 357, 380–381)) explains that the purpose of the amendment is to make it clear that the well-established rule of taxation, namely, that income from property is attributable to the owner of the property, should apply as well to family partnerships. It further states as follows at pages 380–381:

" * * * Your committee's amendment makes it clear that, however the owner of a partnership interest may have acquired such interest, the income is taxable to the owner, if he is the real owner. If the ownership is real, it does not matter what motivated the transfer to him or whether the business benefited from the entrance of the new partner.

* * * * *

"The amendment leaves the Commissioner and the courts free to inquire in any case whether the donee or purchaser actually owns the interest in the partnership which the transferor purports to have given or sold him. Cases will arise where the gift or sale is a mere sham. Other cases will arise where the transferor retains so many of the incidents of ownership that he will continue to be recognized as a substantial owner of the interest which he purports to have given away, as was held by the Supreme Court in an analogous trust situation involved in the case of Helvering v. Clifford (309 U.S. 351 [sic].* The same standards apply in determining the bona fides of alleged family partnerships as in determining the bona fides of other transactions between family members. Transactions between persons in a close family group, whether or not involving partnership interests, afford much opportunity for deception and should be subject to close scrutiny. All the facts and circumstances at the time of the purported gift and during the periods preceding and following it may be taken into consideration in determining the bona fides or lack of bona fides of a purported gift or sale."

Since it is no longer essential that the alleged partner have contributed either services or original capital to the partnership, the court must scrutinize the facts and determine only whether there was a bona fide gift made or whether the transaction was merely a sham entered into for tax purposes with the donor retaining dominion and control over the interest purportedly transferred. In these respects, the Culbertson case, supra, is still the basic law. Spiesman v. Commissioner of Internal Revenue, 260 F.2d 940, 948 (9th Cir. 1958).

■ Turning again to the facts in these cases, it is obvious that the four children, aged one to three and one-half years, did not have sufficient maturity or competence to manage their own property interests, and that their interests were subject to the control and supervision of the plaintiffs in these actions. These young children could not themselves have acted with a business purpose intent to join together with others in the conduct of the enterprise. The fact that the general partner, i. e., Allen G. Pflugradt, up to March 1957, and James Pflugradt thereafter, exercised complete control over the partnership management and business does not militate against the validity of the partnership interests of the children as such. So long as the limited partnership is organized and conducted in accordance with the requirements of the applicable state law, the ab-

* 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

sence of services and participation in management by a donee of a limited partnership interest is immaterial. Stanback v. Commissioner of Internal Revenue, 271 F.2d 514, 519 (4th Cir. 1959). See also Treasury Regulation § 1.704–1 (2) (ix).

■■ The *sine qua non* for income tax recognition is that there is an absolute transfer of the interest to the donee and that he thereafter have complete control over his own interest. With regard to interests of minor children, Treasury Regulation § 1.704–1(2) (viii) provides as follows:

> "*Interests (not held in trust) of minor children.* Except where a minor child is shown to be competent to manage his own property and participate in the partnership activities in accordance with his interest in the property, a minor child generally will not be recognized as a member of a partnership unless control of the property is exercised by another person as fiduciary for the sole benefit of the child, and unless there is such judicial supervision of the conduct of the fiduciary as is required by law. The use of the child's property or income for support for which a parent is legally responsible will be considered a use for the parent's benefit. 'Judicial supervision of the conduct of the fiduciary' includes filing of such accountings and reports as are required by law of the fiduciary who participates in the affairs of the partnership on behalf of the minor. A minor child will be considered as competent to manage his own property if he actually has sufficient maturity and experience to be treated by disinterested persons as competent to enter business dealings and otherwise to conduct his affairs on a basis of equality with adult persons, notwithstanding legal disabilities of the minor under State law."

In this case no trustee or fiduciary subject to judicial supervision was appointed to supervise the interests of these children until December 1959, when one Jack C. Werner was appointed by the County Court of Milwaukee County as guardian of the children's property, including their alleged partnership interests. This guardianship was created shortly after the Commissioner had assessed deficiencies against plaintiffs for the years 1956 through 1958. Plaintiffs claim that this appointment evidences the "consummation of the over-all intent to transfer ownership of the partnership interests to the children." If plaintiffs thought it prudent to have a guardian appointed in 1959, it nevertheless does not aid in determining the reality of the children's interests in 1956 through 1958. Moreover, plaintiffs are inconsistent in claiming the 1959 appointment of a guardian indicates their intent to make a bona fide transfer, while at the same time claiming that § 1.704–1(2) (viii) of the regulations, requiring the appointment of a fiduciary, is contrary to congressional intent that the taxation of income derived from a capital interest in a family partnership be placed on the same basis as income derived from other forms of property. It is reasonable to assume that Congress did not intend that parents could carve out partnership interests for their children, retaining in themselves the control over the uses to which the income from them may be put without the imposition of a trust or judicial supervision of any kind, thereby obtaining the tax advantages of spreading the income. The situation here is quite different and distinguishable from that involved in Finlen v. Healy, 187 F. Supp. 434, 437 (D.Mont.1960).

It is also not unreasonable that the regulations provide that the use of a child's property or income for support for which a parent is legally responsible will be considered a use for the parents' benefit. During the calendar years 1956, 1957, and 1958, a total of $14,400.00 was distributed to each of the alleged minor partners, and of this amount the parents spent from $411.59 to $904.54 for school expenses, vacation travel, and dancing

lessons for the children. Plaintiffs claim that these items are insignificant in relation to the total amounts distributed and, further, that these were "luxuries," outside the category of necessaries usually considered to be within the parents' duty of support. This is not tenable. Support extends beyond the bare essentials of food, clothing, and shelter. It includes elements of education and training commensurate with the parents' financial ability to provide them. The fact that only a fraction of the distributions were spent on these items is not material. The important fact is that the plaintiffs retained all the incidents of ownership except the legal title. The bona fides of the purported ownership is not shown simply by the fact that legally sufficient documents of transfer have been executed or by any other formal or specific test but rather by considering all the facts and circumstances taken as a whole. Nothing in the record indicates that the plaintiffs had any purpose for the admittance of the children as purported limited partners other than to secure the tax savings resulting therefrom.

The parties have stipulated that two of the plaintiffs, James Pflugradt and Joan Roggenbauer Moeller (nee Pflugradt), were minors at the time of acquisition of their partnership interests. James was admitted as a limited partner in 1945 at the age of twenty, and Joan was admitted as a limited partner in 1946 at the age of seventeen. The amended partnership certificates indicate that these two partnership interests were held by Allen G. Pflugradt as "trustee" for James and Joan.

Internal Revenue agents examined the partnership tax returns for the years 1946 and 1949, and it was determined that the allocation of partnership income to the partners, including James and Joan, was acceptable for federal income tax purposes. Plaintiffs contend that the fact that partnership interests were acquired by minor children prior to the years here in issue and that defendant's agents examined the facts and accepted such minors as bona fide partners for federal income tax purposes show the state of mind of the parties and their intention to make a similar bona fide transfer to the children involved in these actions. This is particularly true, plaintiffs claim, since Allen Pflugradt testified that he filed no fiduciary tax returns and never accounted or acted as trustee for James and Joan. It is alleged that the use of the word "trustee" appearing in the amended partnership certificates is merely the misuse of a legal term by a lay person. It is immaterial in this case whether or not Allen Pflugradt was in fact or in law acting as trustee for his son and daughter, since the fact is that he was represented to have been a trustee. It may well be, based on this representation, that the defendant accepted the income allocation to these partners for the years 1946 and 1949. In any event, it does not follow that the acceptance of the income allocation by the Internal Revenue Service in those years involving different circumstances than those involved here indicates any reliance by plaintiffs that the income allocation for the years 1956, 1957, and 1958 would be acceptable for federal tax purposes. Plaintiffs' intent to create bona fide partnership interests for the four children of James and Joan could be shown only by the manner in which these interests were maintained and not by the manner in which the interests of James and Joan were maintained in 1946 and 1949.

Plaintiffs have not met their burden of showing that the Commissioner of Internal Revenue erred in his assessment.

The court hereby adopts the stipulated facts as findings of fact. Additional findings of fact are as set forth in this decision, as are the court's conclusions of law, in conformity with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The clerk is hereby directed to enter judgment in each case in favor of the defendant.